IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Keith Averill Jr., on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Enterprise Rent-A-Car Company,<br><br>Defendant, | No. 08 CV 4191<br><br>Honorable Judge Manning<br>Honorable Magistrate Judge Mason<br><br>COLLECTIVE ACTION<br><br>CLASS ACTION |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

NOW COMES Plaintiff, individually and on behalf of all others similarly situated ("Plaintiffs") by and their counsel, moves this honorable Court to grant Plaintiffs' Motion for Leave to Amend Complaint. In support this Motion, Plaintiffs state as follows:

1. On July 23, 2008, Plaintiffs, by and through their counsel, caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, a Complaint in this matter.

2. Plaintiffs seek to amend the Complaint filed on July 23, 2008 by filing a First Amended Complaint, a copy of which is hereto attached as Exhibit A.

3. Defendants have not responded in this matter and will not be prejudiced by the filing of the Plaintiff's Amended Complaint.

WHEREFORE, Plaintiffs respectfully ask this Honorable Court to grant an Order granting Plaintiffs Leave to Amend their Complaint.

> Respectfully submitted,
>
> s/ Marion Cruz
> **One of Plaintiffs' Attorneys**
> Marion Victoria Cruz ID No. 6289291
> **COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC**
> 1 N. La Salle Street, Suite 2450
> Chicago, Illinois 60602
> (312) 977-0200 Phone
> (312) 977-0209 Fax

– and –

**SEEKING PRO HAC VICE ADDMITANCE**
ROBERT J. CAMP
**THE COCHRAN FIRM, P.C.**
505 North 20th Street, Suite 825
Birmingham, AL 35203
(205) 244-1115 (Phone)
(205) 244-1171 (Fax)

– and –

**SEEKING PRO HAC VICE ADDMITANCE**
ALLEN SCHREIBER
MARK PETRO
**SCHREIBER & PETRO, P.C.**
2 Metroplex Drive, Suite 250
Birmingham, AL 35209
(205) 871-5080 (Phone)
(205) 879-6960 (Fax)

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Michael Keith Averill Jr., on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Enterprise Rent-A-Car Company,<br><br>Defendant, | No. 08 CV 4191<br><br>Honorable Judge Manning<br>Honorable Magistrate Judge Mason<br><br>COLLECTIVE ACTION<br><br>CLASS ACTION |

### FIRST AMENDED COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant Enterprise Rent-A-Car Company, (collectively "Enterprise" or "Defendant"), seek to recover for Enterprise's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq* and unjust enrichment, and hereby state and allege as follows:

### INTRODUCTION

1.  This is a national representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former Assistant Branch Managers of Enterprise, who have worked in the 50 contiguous states with the exception of California, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.  Enterprise individually and or through subsidiary entities owned operated and controlled by Enterprise, operates hundreds of retail rental car establishments throughout the United States of America and within the jurisdiction of this honorable Court.

3.  Enterprise uniformly denies overtime premium pay to two classes of assistant branch managers, those assistant managers who's primary job duty is not

management in violation of 29 C.F.R. §541.700 and those assistant managers who fail to meet the FTE 80 requirements of 29 C.F.R §541.104.

4. Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay overtime premium wages.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Enterprise does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

7. Defendant, Enterprise Rent-A-Car Company is a Missouri corporation with its corporate office in St. Louis Missouri.

8. Plaintiff and putative plaintiffs are current and former Enterprise assistant branch managers, paid salary, classified as exempt, who work(ed) within the last three years, dating back to July 17, 2005, and can be generally categorized herein as "Assistant Branch Managers failing to meet the Primary Duty Test" and "Assistant Branch Managers failing to meet the FTE 80 Requirement."

9. "Assistant Branch Managers failing to meet the Primary Duty Test" includes those assistant branch managers whose principal, main, or major duty is not the performance of exempt work.

10. "Assistant Branch Managers failing to meet the FTE 80 Requirement generally includes those assistant branch managers that do not independently supervise two full time employees or there equivalent due to the actual absence of requisite subordinate staffing or dual management responsibility between the branch manager and the assistant manager failing to meet the FTE 80 requirements of 29 C.F.R §541.104(a) – (c).

11. Plaintiff Michael Keith Averill Jr. worked as an assistant branch manager 70 – 80 hours a week. Plaintiff's primary duty was not the performance of exempt work and Plaintiff did not supervise two full time employees or their equivalent. Plaintiff's

branch manager was present during Plaintiff's hours of employment except for 5 – 6 hours a week when the branch manager would take his lunches and as such Plaintiff and his branch manager shared management responsibility.

12.   Plaintiff Averill is a resident and domiciled in the State of Illinois. Plaintiff has concurrently filed his Consent to Become Party Plaintiff pursuant to 29 U.S.C. § 216(b). See Exhibit A.

## GENERAL ALLEGATIONS

13.   Under Enterprises' wage compensation system, Enterprise paid Plaintiff and other similarly situated employees a salary and failed to compensate assistant branch managers at the rate of time and one half for all hours worked over 40 in any week in violation of 29 U.S.C. §207.

14.   Plaintiff and putative plaintiffs were and are improperly classified as exempt due to Plaintiff and putative plaintiffs failing to meet the requirements of the Code of Federal Regulations.

15.   As a result, Defendant failed to comply with the record keeping requirement of 29 C.F.R. §516.2.

16.   Plaintiff and putative plaintiffs as described herein are entitled to overtime premium pay for all hours worked over 40 in any week.

17.   Defendant has been unjustly enriched as a direct result of their misclassification of Plaintiff and putative plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

18.   Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiff, Plaintiff brings this action as representative of all similarly situated current and former assistant branch managers. The potential class of "opt-in" employees can be defined as:

> All current and former "Assistant Branch Managers failing to meet the Primary Duty Test" and "Assistant Branch Managers failing to meet the FTE 80 Requirement" who worked for Defendant or its subsidiaries since July 17, 2005, and who were paid a salary and not paid overtime premium pay for all hours worked over 40 in any workweek.

19.   Plaintiff does not wish to represent those similarly situated employees who worked in the state of California.

20. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

21. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees overtime compensation.

22. The number and identity of other Plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

23. On information and belief, the Defendant employees 3,000 plus assistant branch manager who potentially have FLSA claims similar to the claims set out herein. Consequently, joinder is impracticable.

24. Potential collective action members may be informed of the pendency of this class action through direct mail.

25. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether plaintiffs are compensated overtime for hours worked over 40 in a work week;

    b) Whether plaintiffs are properly classified as exempt;

    c) Whether Defendant's compensation policy and practice accurately account for the time plaintiffs are working;

    d) Whether Defendant's compensation policy and practice is illegal;

    e) Whether Defendant's violations are willful.

26. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

27. The Collective Action Representative's claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

28. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

29. The Collective Action Representative is an adequate representative of the similarly situated current and former employees because they are employees of the same Defendant and his interests do not conflict with the interests of the other similarly situated current and former employees he seeks to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and their undersigned counsel, who have extensive experience prosecuting complex collective and class action lawsuits.

30. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings Count II, the Unjust Enrichment Claim, as an "opt-out" class action pursuant to Federal Rules of Civil Procedure Rule 23(b)(3). In addition to the claims of individually named Plaintiff, Plaintiff brings this action as representative of all similarly situated current and former assistant branch managers. The potential class can be defined as:

> All current and former "Assistant Branch Managers failing to meet the FTE 80 Requirement" who worked for Defendant or its subsidiaries since May 30, 2005, and who were paid a salary and not paid overtime premium pay for all hours worked over 40 in any workweek.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by Individually Named Plaintiff and on Behalf of All Others Similarly Situated)**

32. Plaintiff reasserts and incorporate by reference paragraphs 1 through 31 as set forth above as if fully restated herein.

33. At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

34. The individually named Plaintiff and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

35. Enterprise violated the FLSA by failing to account for all compensable time of its assistant branch manager, failing to properly classify assistant branch managers, and failed to pay Plaintiff and others similarly situated overtime premium pay.

36. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

37. Enterprise was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

38. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the plaintiff and putative plaintiffs. Accordingly, Plaintiff and those similarly situated must be paid overtime pay in accordance with the FLSA.

39. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of their consent to join and an equal amount as liquidated damages.

40. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## COUNT II

### Unjust Enrichment

**(Brought Against Defendant by Individually Named Plaintiff and on Behalf of All Others Similarly Situated)**

41. Plaintiffs reassert and incorporate by reference paragraphs 1 - 31 as set forth above as if fully restated herein.

42. The individually named Plaintiff and all similarly situated employees are victims of a uniform and division wide compensation policy and practice whereby they were not paid appropriately under the law.

43. The Defendant retains benefits and enjoys these benefits conferred upon it by the named Plaintiff and all similarly situated employees as a result. Defendant has been unjustly enriched pursuant to Missouri state law.

44. Plaintiff and all similarly situated employees were not paid reasonable value for the benefits conferred by them upon the Defendant.

45. The Defendant holds money, which in equity and good conscience, belongs to the individually named Plaintiff and all other employees similarly situated.

46. Pursuant to Missouri state law the named Plaintiff and all similarly situated employees are entitled to class certification, compensatory and punitive damages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff and others similarly situated the following relief:

a) Pursuant to §216(b), at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former assistant branch managers. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Enterprise's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant Enterprise to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant Enterprise to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant Enterprise to pay Plaintiffs damages in an amount equal to the unjust enrichment received by Defendant and punitive damages;

f) Issue an Order directing Defendant Enterprise to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

g) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

All Plaintiffs hereby request trial by jury of all issues triable by jury under Missouri and federal law.

        Respectfully submitted,

        s/ Marion Cruz
        **One of Plaintiffs' Attorneys**
        **Marion Victoria Cruz ID No. 6289291**
        **COCHRAN, CHERRY, GIVENS,**
        **SMITH & MONTGOMERY, LLC**
        **1 N. La Salle Street, Suite 2450**
        **Chicago, Illinois 60602**
        **(312) 977-0200 Phone**
        **(312) 977-0209 Fax**

– and –

**SEEKING PRO HAC VICE ADDMITANCE**
ROBERT J. CAMP
**THE COCHRAN FIRM, P.C.**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 244-1115 (Phone)
(205) 244-1171 (Fax)

– and –

**SEEKING PRO HAC VICE ADDMITANCE**
ALLEN SCHREIBER
MARK PETRO
**SCHREIBER & PETRO, P.C.**
2 Metroplex Drive, Suite 250
Birmingham, AL  35209
(205) 871-5080 (Phone)
(205) 879-6960 (Fax)

        *Attorneys for Plaintiffs*